MEMORANDUM **
Gloria Elletson appeals from the judgment affirming the Commissioner of Social Security’s final decision to deny her application for disability insurance benefits. The Social Security regulations establish a five-step inquiry to determine whether a claimant is entitled to benefits, 20 C.F.R. § 404.1520(a), and Elletson contests the administrative law judge’s (“ALJ”) findings at Steps Four and Five. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Elletson first challenges the ALJ’s adverse credibility finding. When, as in this case, a claimant presents objective medical evidence of an underlying impairment, and there is no evidence of malingering, the ALJ may reject her testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir.2007). In determining that a person’s claim of total disability is not credible, “an ALJ may weigh inconsistencies between the claimant’s testimony and [her] conduct, daily activities, and work reeord, among other factors.” Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir.2009) (citing Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.1997)).
The ALJ presented specific, clear, and convincing reasons for rejecting Elletson’s testimony regarding the severity of her symptoms, noting that her medical records indicated her condition was well controlled with medication. Additionally, he noted that Elletson had previously worked at a physically demanding job and left that job for reasons unrelated to her impairment. These findings are supported by substantial evidence in the record. Although Elletson suffers from Crohn’s disease, the ALJ correctly noted that this condition was effectively controlled with medication, and Elletson’s need for frequent bathroom breaks did not appear to prevent her from working full time.
Elletson also challenges the ALJ’s determination of her residual functional capacity (“RFC”). She argues the ALJ failed to accurately evaluate her limita *623 tions, failed to present a proper hypothetical to the vocational expert, and improperly relied on the administrative (rather than medical) conclusions of her doctors. In crafting an RFC determination, an ALJ “must only include those limitations supported by substantial evidence.” Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir.2006).
The RFC determination included all limitations supported by the record. Substantial evidence supports the ALJ’s conclusion that Elletson “has an unlimited capacity to reach.” The district court also properly discounted the reports of Dr. Muzquiz, submitted after the ALJ hearing, because they were based solely on Elletson’s subjective account of her symptoms. See Bayliss v. Barnhart, 427 F.3d 1211, 1216-17 (9th Cir.2005) (holding that an ALJ may reject a physician’s finding that is unsupported by the record or premised on a claimant’s properly discredited subjective complaints). The ALJ instructed the vocational expert to assume a person with Elletson’s vocational characteristics, including Elletson’s right upper extremity limitations. The ALJ’s hypothetical was legally adequate and the vocational expert’s response was properly used as evidence to support the finding that Elletson is not disabled.
Elletson’s argument that the ALJ erred in relying on the administrative conclusions of her physicians is waived because it was raised for the first time in her reply brief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.